UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MINNESOTA LIFE INSURANCE CO., | |
| Plaintiff, | |
| v. | |
| NANCY E. RATH HUNTER and YVONNE J. RATH, | |
| Defendants, | |
| and | Case No. 05-cv-4125-JPG |
| YVONNE J. RATH | |
| Counter-Plaintiff | |
| v. | |
| MINNESOTA LIFE INSURANCE CO. | |
| Counter-Defendant | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Minnesota Life Insurance Company's motion for leave to deposit funds and be discharged from liability (Doc. 15). Nancy Rath Hunter and Yvonne Rath have responded (Docs. 17, 21) and Minnesota Life Insurance Company (Minnesota Life) has replied to their responses (Docs. 20, 23). Minnesota Life is the stakeholder in this statutory interpleader action; it currently holds the proceeds of Robert H. Rath's life insurance policy (the Policy), $10,000.00.

**BACKGROUND**

Nancy Rath Hunter and Yvonne Rath (Nancy and Yvonne), Mr. Rath's ex-wife and widow, respectively, claim an entitlement to the proceeds of the Policy. Nancy was married to

Mr. Rath from 1972 through June 16, 1999.  Their Marital Settlement and Separation Agreement named Nancy "the sole beneficiary of any death benefits payable under the Plan." (Doc. 1 Ex. A).  After the divorce, Mr. Rath married Yvonne.  On March 29, 2004, Yvonne signed a Spousal Consent to Beneficiary Designation acknowledging Nancy's entitlement to the proceeds of the Policy.  (Doc. 1 Ex. B).  Nevertheless, Rath designated Yvonne as the primary beneficiary and Valerie A. Rath, his daughter, as the contingent beneficiary of the Policy in July 2004.  Mr. Rath died in 2005.

Minnesota Life contends Nancy and Yvonne's competing claims to the proceeds exposes it to double liability.  It is indifferent to the competing claims and does not seek relief from either defendant.  In its motion, it seeks to deposit the proceeds with the Court, to be relieved from any and all liability stemming from the Policy and to recover the costs and attorney's fees it has incurred related to this action.

Nancy and Yvonne have no objection to Minnesota Life's request to deposit the proceeds with the Court.  They do object, however, to its request to be awarded its attorney's fees in this action.  Moreover, both Nancy and Yvonne request an order from this Court requiring Minnesota Life to deposit the interest accrued on these funds since Mr. Rath's death.  Finally, Nancy requests that Minnesota Life not be discharged unless and until it complies with Federal Rule of Civil Procedure 26(a).

## ANALYSIS

Several requirements must be met before a Court can exercise jurisdiction over a statutory interpleader action. *See* 28 U.S.C. § 1335.  One of these requirements is the diversity of citizenship between adverse claimants. Another is the deposit of the disputed funds into the Court's registry.  28 U.S.C. § 1335; *Smith v. Widman Trucking & Excavating, Inc.,* 627 F.2d 792,

798 (7th Cir. 1980); *see also Bankers Trust Co. of Western New York v. Crawford*, 559 F.Supp. 1359, 1361 (W.D.N.Y. 1983).  Here, Minnesota Life has pleaded Nancy and Yvonne's residence, which is patently insufficient to establish diversity, *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998), and has yet to deposit the funds into the Court's registry. Therefore, the Court does not have jurisdiction to determine the disputed issues regarding statutory interest and attorney's fees.

It appearing that the other jurisdictional requirements have been met, the Court **GRANTS** Minnesota Life leave to correct its defective jurisdictional allegations and to deposit the disputed funds with this Court.  Before considering whether to discharge Minnesota Life from liability, and without regard to defendants' request for statutory interest, Minnesota Life should address why it should not be required to pay the interest the proceeds would have accrued if Minnesota Life would have deposited the proceeds with the Court when it instituted this action.  *Unigard Mut. Ins. Co. v. Abbott*, 732 F.2d 1414, 1419 (9th Cir. 1984).

## CONCLUSION

For the foregoing reasons, Minnesota Life's motion (Doc. 15) is **GRANTED** to the extent it requests leave to deposit funds into the registry of the Court.  It is **DENIED** in all other respects.  The Court **DIRECTS** the Clerk of Court to deposit the monies received into an interest-bearing account at the designated depository as previously authorized by order of this Court dated September 20, 2002, a copy of which is attached hereto.

**IT IS SO ORDERED.**

DATED: September 29, 2006

 s/ J. Phil Gilbert
J. PHIL GILBERT
DISTRICT JUDGE

3